RUFUS BERRY *versus* GEORGE BILLINGS *and others.*

A presiding Judge is not required to define to the jury the meaning of words in common and ordinary use, or to which the law has attached no specific meaning.

What constitutes "unfaithfulness" on the part of commissioners appointed under a complaint for flowage, so as to invalidate their report, is a question of fact for the jury.

COMPLAINT FOR FLOWAGE. The issue before the jury was upon the report of the commissioners; and the respondents claimed to be allowed to introduce evidence to contradict or invalidate the report, on the ground of alleged "unfaithfulness" on the part of the commissioners. The meaning of the word was discussed by counsel, the respondents contending that it meant gross error in judgment, and the complainant that it implied conduct involving impeachment. To prove and disprove "unfaithfulness," several witnesses were introduced.

HATHAWAY, J., presiding, charged the jury; at the close of which the counsel for the respondents reminded him that he had not defined to the jury the word "unfaithfulness." The Judge replied, that he did not choose, generally, to give the jury definitions of words in common use, such as the word "unfaithfulness," the meaning of which the jury knew as well as the Court.

The verdict was for the complainant.

The respondents excepted to the ruling of the Court, and its refusal to instruct.

*R. H. Vose,* in support of the exceptions.

Unfaithfulness on the part of the commissioners was alleged, and, on its being proved, the jury might inquire into the question of damages. Hence, it became important to know the legal meaning of the word as here used. The respondents contend that it means gross error in judgment; the complainant that it implies moral turpitude. It has been the uniform practice of the Court, where a case may turn

upon the meaning of a statute, to explain the meaning to the jury, even without request. *Bryant* v. *Glidden,* 36 Maine, 36; *Same* v. *Same,* 39 Maine, 458.

· *J. M. Meserve, contra.*

The Judge was not bound to give instructions not distinctly requested. *Stowell* v. *Goodnow,* 31 Maine, 538; *State* v. *Straw,* 33 Maine, 554; *Stone* v. *Redman,* 38 Maine, 578. Nor was he required to define the word if requested. The law has not attached any specific meaning to the word, and the Judge could not properly expound or define it. *Darling* v. *Dodge,* 36 Maine, 370. The respondents have sustained no injury by the Judge's not defining the word, and hence have no cause for exceptions. *Copeland* v. *Copeland,* 28 Maine, 525; *Dodge* v. *Greeley,* 31 Maine, 343; *Greenleaf's Lessee* v. *Birth,* 5 Peters, 132. There is no substantial difference between the definitions contended for by the opposing counsel. Any proof of "unfaithfulness" would impeach the commissioners' report.

The opinion of the Court was drawn up by .

CUTTING, J.—The jury are presumed to understand the definition of words in common and ordinary use, and are not in attendance for the purpose of being instructed in that particular; and this, so far as it appears from the exceptions, was all the Judge was reminded that he had not done, and which he subsequently declined to do. If the Judge had defined the word "unfaithfulness," he might have been called upon to define the words of his own definition, and so have proceeded *ad infinitum,* or until his vocabulary had become exhausted. This is hardly to be expected of the Court, and, perhaps, not expedient in all cases; for, "*omnis definitio in jure civili periculosa est, parum est enim, ut non subverti possit.*"

But it appears, from the statement of the case, that the counsel for the respondent did not seek so much for a definition, as he did to ascertain from the Court whether unfaithfulness might be inferred from gross error in judgment, or, as

contended on the other side, there must be proof of a criminal intent. There may be different degrees of unfaithfulness, but the degree necessary to invalidate the report is not defined by the statute. It becomes, therefore, a question of fact for the jury, in their sound discretion, to settle from all the evidence bearing upon that point, as decided in *Ware* v. *Ware*, 8 Maine, 42, upon the question of sanity; and in *Darling* v. *Dodge*, 36 Maine, 370, upon the propriety of the Court expounding a term to which the law has attached no specific meaning. Consequently the controversy between the counsel becomes immaterial; the jury might have found unfaithfulness upon either ground, differing, it might be, in degree, but still none the less unfaithfulness.  *Exceptions overruled.*
*Judgment on the verdict.*

TENNEY, C. J., and RICE, APPLETON, and GOODENOW, JJ., concurred.